IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THERESA TROECKLER and CANDICE ZEISER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| DONALD ZEISER, | ) ) |
| And | ) ) |
| MARK STUECK, | ) ) |
| And | ) ) |
| KYVON SERVICES, LLC | ) ) |
| And | ) ) |
| HTTP MANAGEMENT GROUP, INC. d/b/a KYVON | ) ) ) |
| And | ) ) |
| PROCOMM VOICE AND DATA SOLUTIONS, INC. a/k/a U.S. TECHNOLOGIES SYSTEMS, INC. a/k/a OXY-THERM, INC. d/b/a KYVON | ) ) ) ) ) ) |
| And | ) ) |
| WILLIAM REYNOLDS, | ) ) |
| And | ) ) |
| BRIGHTON LEWIS, Inc., | ) ) |
| And | ) ) |
| STEVE JACOBSEN, | ) ) ) |

Case No.: 3:14-cv-00040-MJR-PMF

| | |
|---|---|
| and | ) |
| | ) |
| TRACKING THE WORLD, Inc. | ) |
| | ) |
| And | ) |
| | ) |
| KYVON | ) |
| | ) |
| And | ) |
| | ) |
| LAWRENCE HOPP | ) |
| | ) |
| And | ) |
| | ) |
| MARGARET CHRISTINE HOPP | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COME NOW Plaintiffs Theresa Troeckler and Candice Zeiser, and for their Complaint against Defendants Donald Zeiser, Mark Stueck, Kyvon Services, LLC, ProComm Voice and Data Solutions, Inc. a/k/a U.S. Technologies Systems, Inc. a/k/a Oxy-Therm, Inc. d/b/a Kyvon, HTTP Management Group, Inc. d/b/a Kyvon, William Reynolds, Brighton Lewis, Inc., Steve Jacobsen, Tracking the World, Inc., Kyvon, Lawrence Hopp and Margaret Christine Hopp, hereby state and allege as follows:

Preliminary Statement

1. This action seeks actual, compensatory and exemplary damages against all Defendants as a result of a systematic and concerted pattern of invasion of privacy, intrusion upon seclusion and infliction of emotional distress as detailed herein.

Jurisdiction

2. This Court retains diversity jurisdiction pursuant to 28 U.S.C. §1332(a). Plaintiffs are citizens of the State of Illinois. Defendants Donald Zeiser, Mark Stueck, Kyvon

Services, LLC, ProComm Voice and Data Solutions, Inc. a/k/a U.S. Technologies Systems, Inc. a/k/a Oxy-Therm, Inc. d/b/a Kyvon, HTTP Management Group, Inc., d/b/a Kyvon, William Reynolds, Kyvon, Lawrence Hopp, Margaret Christine Hopp, Brighton Lewis, Inc., and Steve Jacobsen are citizens of the State of Missouri. The sole member of Kyvon Services, LLC is Defendant Mark Stueck, a resident of the City of Imperial, State of Missouri. Defendant Tracking the World, Inc. is a citizen of the State of California. The amount in controversy exceeds $75,000.00. Accordingly, the requirement of complete diversity is satisfied pursuant to 28 U.S.C. §1332(a).

Venue

3. Venue for this action properly lies in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §1391(c).

Parties

4. Plaintiffs, THERESA TROECKLER (hereinafter "**THERESA**") and CANDICE ZEISER (hereinafter "**CANDICE**") are both residents of 923 Holiday Point Parkway in the City of Edwardsville, State of Illinois. Plaintiff Theresa Troeckler is the natural mother of Plaintiff Candice Zeiser.

5. Defendant DONALD ZEISER (hereinafter "**ZEISER**") is a resident of the County of St. Louis, State of Missouri. Defendant ZEISER was previously married to Plaintiff CANDICE. This marriage ended in divorce in 2002, and one child, age 13, was born of the marriage.

6. Defendant MARK STUECK (hereinafter "**STUECK**") is a resident of the State of Missouri.

7. Defendant KYVON SERVICES, LLC. (hereinafter "**KYVON SERVICES**") is a Missouri Limited Liability Corporation specializing in web hosting and information technology solutions authorized to transact business in the State of Illinois with its principal place of business located in the City of Fenton, State of Missouri. Defendant Mark Stueck, residing at 5701 Arrow Ridge, Imperial, Missouri is the sole member of Defendant Kyvon Services, LLC.

8. Defendant PROCOMM VOICE AND DATA SERVICES, INC. a/k/a U.S. TECHNOLOGIES SYSTEMS, INC. a/k/a OXY-THERM, INC. d/b/a KYVON (hereinafter "**PROCOMM**") is a Missouri Corporation specializing in web hosting and information technology solutions authorized to transact business in the State of Illinois with its principal place of business located in the City of Fenton, State of Missouri.

9. Defendant KYVON (hereinafter "**KYVON**") is a Missouri Corporation specializing in web hosting and information technology solutions authorized to transact business in the State of Illinois with its principal place of business located in the City of Fenton, State of Missouri.

10. Defendant HTTP MANAGEMENT GROUP, INC. d/b/a KYVON (hereinafter "**HTTP**") is a Missouri Corporation specializing in web hosting and information technology solutions authorized to transact business in the State of Illinois with its principal place of business located in the City of Fenton, State of Missouri.

11. Defendants LAWRENCE HOPP (hereinafter "**LAWRENCE**) and MARGARET CHRISTINE HOPP (hereinafter "**MARGARET**") are individual owners of Defendant KYVON and Defendant PROCOMM and are both residents of the State of Missouri.

12. Defendant WILLIAM REYNOLDS (hereinafter "**REYNOLDS**") is a resident of the State of Missouri who, at all times pertinent hereto, was employed by Defendant BRIGHTON LEWIS, INC., (hereinafter "**BRIGHTON**") a Missouri Corporation with its principal place of business located in the City of Chesterfield, State of Missouri.

13. Defendant STEVE JACOBSEN (hereinafter "**JACOBSEN**") is a resident of the State of Missouri.

14. Defendant TRACKING THE WORLD, INC. (hereinafter "**TRACKING**") is a California Corporation specializing in global positioning system (GPS) tracking solutions authorized to transact business in the State of Illinois, with its principal place of business located in the City of Burlingame, State of California.

<u>Facts Common to All Counts</u>

15. On or about April 12, 2012, Plaintiff THERESA received an anonymous telephone call advising her that she was being "tracked" and that she should look underneath the rear of her vehicle.

16. Immediately thereafter, Plaintiff THERESA looked underneath the rear of her vehicle and discovered the existence of a black box attached to the rear frame near the passenger side wheel well of her vehicle.

17. Plaintiff THERESA immediately notified police.

18. The Madison County Sheriff's Office verified the presence of a black box attached to Plaintiff's THERESA's vehicle, and proceeded to take the black box into evidence.

19. The Madison County Sheriff's Office later identified the black box as a World Tracker Enduro Pro tracking device (hereinafter the "tracking device").

20. Sheriffs would later discover information suggesting that the tracking device had actually been removed from THERESA's vehicle and then reattached again on multiple prior occasions by Defendant JACOBSEN and Defendant REYNOLDS., a duly authorized employee, agent and servant of Defendant BRIGHTON, in concert and at the behest of Defendant ZEISER who compensated Defendants JACOBSEN, REYNOLDS and BRIGHTON for these services.

21. At all times pertinent hereto the tracking device was owned by Defendant TRACKING.

22. On April 12, 2012, the Madison County Sheriff's Office proceeded to telephone Defendant TRACKING in order to determine the identity of the customer to whom the tracking device was registered.

23. During this telephone call, Defendant TRACKING, by and through its duly authorized employees, servants and agents declined to divulge information about the identity of the customer to whom the tracking device was registered.

24. For a period of several months between April 12, 2012 through approximately September 10, 2012, Defendant TRACKING, by and through its duly authorized employees, servants and agents refused to cooperate with the Madison County Sheriff's Office and declined to divulge the identity of the customer to whom the tracking device was registered despite repeated representations to the Sheriff's Office that they would in fact provide the information sought.

25. Following the eventual disclosure of this registration information, sheriffs discovered that the tracking device was registered to Defendant STUECK.

26. Defendant STUECK was employed by KYVON, for approximately twenty (20) years from approximately 2001 thru approximately November, 2011.

27. For a period of several years during his employment with KYVON, Defendant STUECK worked exclusively for Defendant ZEISER who was considered a client of KYVON.

28. At all times pertinent hereto, Defendant's ZEISER's son-in-law was, has been and continues to be employed by KYVON, and is also married to the daughter of Defendant STUECK.

29. Until November 8, 2012, KYVON continued to provide Defendant STUECK with use of its server, email system, database and extensive information technology which Defendant STUECK utilized to engage in the acts described herein.

30. On September 28, 2012, the Madison County Sheriff's Office confirmed that an internet provider ("IP") address registered to Defendant ZEISER showed evidence of repeated unauthorized log-ins to Plaintiff THERESA's personal email account which remained continuous and ongoing even during the pendency of this investigation into 2013.

31. According to records obtained from KYVON, this same IP address was also utilized by Defendant STUECK.

32. Similarly, on or about November 7, 2012, the Madison County Sheriff's Office likewise determined that Plaintiff's ZEISER's personal email account, personal computer and personal cell phone had likely been accessed by Defendant ZEISER and Defendant STUECK without Plaintiff's knowledge or consent.

33. On November 14, 2012, Plaintiff THERESA sought refuge at the Madison County Sheriff's office after being followed by a van with a ladder rack and lettering on its side.

34. In or around December 2012, upon learning of an ongoing investigation by the FBI and Madison County Sheriff's Office, upon information and belief, Defendant ZEISER paid Defendant STUECK the amount of twenty-five thousand dollars ($25,000.00), and

Defendant STUECK began shredding documents and/or photographs relating to the tracking of Plaintiffs' whereabouts.

35. Defendants ZEISER, STUECK, REYNOLDS and JACOBSEN continued to engage in acts similar to those described hereinabove including but not limited to tracking the whereabouts of Plaintiffs without their knowledge or consent, and gaining unauthorized and illegal access to Plaintiffs' personal email accounts, computers and cell phones.

### Count 1 – Invasion of Privacy

COME NOW Plaintiffs and for Count I of their Complaint against all Defendants, hereby state and allege as follows:

36. Plaintiffs hereby incorporate by reference and reallege paragraphs 1-35 as if fully set forth herein.
37. Defendants, both individually and through their duly authorized employees, agents and servants, conducted unauthorized and unwanted intrusions into the Plaintiffs' privacy and private lives;
38. Said unauthorized and unwanted intrusions into the Plaintiffs' privacy would be considered by a reasonable person to be offensive and objectionable;
39. These intrusions caused Plaintiffs' mental anguish, suffering, paranoia and emotional distress which remains ongoing and continuing.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual and exemplary damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), for costs incurred herein, and for such other and further relief as this Court deems just and proper.

## Count II – Intrusion Upon Seclusion

COME NOW the Plaintiffs and for Count II of their Complaint against all Defendants, hereby state and allege as follows:

40. Plaintiffs hereby incorporate by reference and reallege paragraphs 1-39 as if fully set forth herein.

41. Defendants, both individually and through their duly authorized employees, agents and servants, conducted unauthorized and unwanted intrusions into the Plaintiffs' right to seclusion;

42. Said unauthorized and unwanted intrusions into the Plaintiffs' seclusion would be considered by a reasonable person to be highly offensive and highly objectionable;

43. These intrusions caused Plaintiffs' mental anguish, suffering, paranoia and emotional distress which remains ongoing and continuing.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual and exemplary damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), for costs incurred herein, and for such other and further relief as this Court deems just and proper.

## Count III – Negligence

COME NOW Plaintiffs and for Count III of their Complaint against Defendants Kyvon, Lawrence Hopp, Margaret Christine Hopp, HTTP Management Group, Inc. d/b/a Kyvon, ProComm Voice and Data Solutions, Inc. a/k/a U.S. Technologies Systems, Inc. a/k/a Oxy-Therm, Inc. d/b/a Kyvon, and Tracking the World, Inc., hereby state and allege as follows:

44. Plaintiffs hereby incorporate by reference and reallege paragraphs 1-43 as if fully set forth herein.

45. At all times pertinent hereto, Defendants KYVON, PROCOMM, HTTP, LAWRENCE and MARGARET were under a legal duty to be free from negligence and to act with reasonable care in the ordinary course of transacting, overseeing and conducting their business operations.

46. Defendants KYVON, PROCOMM, HTTP, LAWRENCE and MARGARET breached their duty in one or more of the following ways, to wit:

    (a) By permitting its longtime employee, Defendant STUECK, the use of its company email, server and information technology to unlawfully invade Plaintiffs' privacy by gaining access to Plaintiffs' email accounts and cell phone;

    (b) By failing to supervise Defendant STUECK; and

    (c) By failing to identify that Defendant STUECK was using its company email, server and information technology to unlawfully invade Plaintiffs' privacy by gaining access to Plaintiffs' email accounts and cell phone; and

    (d) By failing to warn Plaintiff that its own facilities and resources in the form of its email system, server and information technology were being used to unlawfully invade Plaintiffs' privacy.

47. Defendants KYVON, PROCOMM, HTTP, LAWRENCE and MARGARET knew or should have known in the exercise of ordinary care that its actions and failures described in paragraph 43, above, would cause injury to Plaintiffs.

48. As a direct and proximate result of the breaches of the duty of care by Defendants KYVON, PROCOMM, HTTP, LAWRENCE and MARGARET described above, Plaintiffs were caused to sustain mental anguish, suffering, paranoia and emotional distress which remains ongoing and continuing.

49. At all times pertinent hereto, Defendant TRACKING was under a legal duty to be free from negligence and to act with reasonable care in the ordinary course of transacting, overseeing and conducting their business operations.

50. Defendant TRACKING breached this duty in one or more of the following ways, to wit:

    (a) By failing to enact and undertake adequate measures to insure that the tracking device which it owned was used for lawful means;

    (b) Upon being contacted by authorities in reference to the allegations contained herein, by failing to timely disclose the identity of the individual and/or entity to whom the tracking device was registered and failing to timely disclose to the Plaintiffs the possibility that the tracking device which it owned was likely being used for illegal or unlawful purpose(s).

51. Defendant TRACKING knew or should have known in the exercise of ordinary care that its actions and failures described in paragraph 45, above, would cause injury to Plaintiffs.

52. As a direct and proximate result of the breaches of the duty of care by Defendant TRACKING described above, Plaintiffs were caused to sustain mental anguish, suffering, paranoia and emotional distress which remains ongoing and continuing.

    WHEREFORE, Plaintiffs pray for judgment against Defendants for actual and exemplary damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), for costs incurred herein, and for such other and further relief as this Court deems just and proper.

## Count IV – Civil Conspiracy

COME NOW Plaintiffs and for Count IV of their Complaint against all Defendants, hereby states and alleges as follows:

53. Plaintiffs hereby incorporate by reference and reallege paragraphs 1-52 as if fully set forth herein.
54. Collectively, Defendants ZEISER, STUECK, KYVON SERVICES, KYVON, REYNOLDS, BRIGHTON, JACOBSEN, TRACKING, HTTP, PROCOMM, LAWRENCE and MARGARET both individually and through their duly authorized employees, agents and servants, combined for the purpose of accomplishing concerted unlawful intrusions into Plaintiffs' rights to privacy and seclusion.
55. As a result of the combined and concerted actions by the Defendants as described, Plaintiffs sustained injury including mental anguish, suffering, paranoia and emotional distress which remains ongoing and continuing.
56. These injuries to Plaintiffs resulted specifically by overt acts performed by Defendants in concert in furtherance of this conspiracy including but not limited to conspiring to plant the tracking device on Plaintiffs' vehicle, conspiring to track Plaintiffs whereabouts without their knowledge or consent by agreeing to conduct physical surveillance, and conspiring to gain unauthorized electronic access to Plaintiffs email and cell phones.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual and exemplary damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), for costs incurred herein, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted:
**Brown & Crouppen, P.C.**


/s/ Shaun M. Falvey
_____
Shaun M. Falvey #6284797
Attorneys for Plaintiffs
(314) 421-0216
(314) 561-6317 (Direct)
(314) 421-0359 (Fax)
ShaunF@getbc.com

## CERTIFICATE OF MAILING

I hereby certify that a copy of the above and foregoing was sent via the Court's CM/ECF electronic filing and mailed this 19TH day of February, 2014 to:

Scott McKinnis
Hockensmith, McKinnis, Hammill, P.C.
Suite 101
12801 Flushing Meadows Drive
St. Louis, MO 63131
mckinnis@hmhpc.com

Art Margulis
Bill Margulis
Amy Fehr
Capes, Sokol, Goodman & Sarachan, P.C.
7701 Forsyth Boulevard
12th Floor
St. Louis, MO 63105

                                        /s/ Shaun Falvey

I hereby certify that a copy of the above and foregoing was sent via **certified mail** this 19th day of February, 2014 to:

MARK STUECK,
Serve at:
5701 Arrow Ridge
Imperial, MO 63052


KYVON SERVICES, LLC
Serve Registered Agent:
Douglas Robinson
4320 Meadowgreen Estates Drive
St. Louis, MO 63129

WILLIAM REYNOLDS,
Serve at:
100 Chesterfield Business Parkway
Suite 200
Chesterfield, MO 63005

BRIGHTON LEWIS, Inc.,
Serve Registered Agent:
William C. Reynolds, Jr.
100 Chesterfield Business Parkway
Suite 200
Chesterfield, MO 63005


STEVE JACOBSEN,
Serve at:
697 Hawk Run Drive
O'Fallon, MO 63368

JUDE DAGGETT
Tracking the World
1633 Bayshore Hwy. Suite 390
Burlingame, CA 94010

            /s/ Shaun Falvey