IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THERESA TROECKLER and CANDICE ZEISER, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD ZEISER, MARK STUECK, KYVON SERVICES, LLC, HTTP MANAGEMENT GROUP, INC., d/b/a KYVON, PROCOM VOICE AND DATA SOLUTIONS, INC., a/k/a U.S. TECHNOLOGIES SYSTEMS, INC., a/k/a OXY-THERM, INC., d/b/a KYVON, WILLIAM REYNOLDS, BRIGHTON LEWIS, STEVE JACOBSEN, TRACKING THE WORLD, INC., KYVON, LAWRENCE HOPP, MARGARET CHRISTINE HOPP, <br><br> Defendants. | Case No.: 14-40-MJR-PMF |

## DEFENDANT ZEISER'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

COMES NOW Defendant, Donald Zeiser ("Zeiser") by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), for his Motion to Dismiss Plaintiffs' Amended Complaint, states to the Court as follows:

1. On or about February 19, 2014, Plaintiffs filed their Amended Complaint [Doc. #40] ("Amended Complaint"), which purports to assert causes of action against Zeiser for Invasion of Privacy (Count I); Intrusion Upon Seclusion (Count II) and Civil Conspiracy (Count IV).

2. As a matter of law, each of Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted and, therefore, must be dismissed with prejudice.

3. When ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court looks to the complaint to determine whether it satisfies the threshold pleading requirements under Federal Rule of Civil Procedure 8. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

4. The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citation omitted).

5. Under the federal notice pleading standards, Plaintiffs' "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

6. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 934–35 (7th Cir. 2012) (citing *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted)). "The complaint 'must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Id.* at 935 (citing *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663,668 (7th Cir. 2008)).

## COUNT I

7. In Count I, Plaintiffs purport to state a claim for "Invasion of Privacy," alleging that Defendants conducted offensive, unauthorized intrusions into the Plaintiffs' private lives. (Amended Complaint, ¶¶ 37, 38).

8. Illinois recognizes four separate common-law privacy torts, (1) intrusion upon the seclusion of another; (2) appropriation of the name or likeness of another; (3) public disclosure of private facts; and (4) publically placing a person in a false light. *Blair v. Nevada Landing Partnership*, 859 N.E.2d 1188 (Ill. App. Ct. 2d Dist. 2006).

9. "Invasion of privacy," generally, is not a cause of action under Illinois law. Instead, a plaintiff must plead one of the four specific types of invasion of privacy claims. See generally, *Karraker v. Rent-A-Center, Inc.*, 239 F. Supp. 2d 828 (2003) (where plaintiffs' claim merely alleged "invasion of privacy" but did not specify on which of the privacy torts they were relying, court construed claim as only one for public disclosure of private facts), See also, *Walker v. Braes Feed Ingredients, Inc.*, 2003 WL 1956162 (2003) (separate counts for invasion of privacy and public disclosure of private facts were considered together because public disclosure of private facts was a type of invasion of privacy claim).

10. Therefore, Count I fails to state a claim upon which relief may be granted because invasion of privacy is not a separate and distinct cause of action under Illinois law. *Id.*

## COUNT II

11. To state a claim for Intrusion Upon Seclusion of Another, a party must allege: (1) unauthorized intrusion or prying into the plaintiff's seclusion; (2) the intrusion must be offensive or objectionable to a reasonable person; (3) the matter upon which the intrusion

3

occurs must be private; and (4) the intrusion must cause anguish and suffering. *Melvin v. Burling*, 490 N.E.2d 1011, 1013-14 (3d Dist. 1986).

12. In Count II, Plaintiffs solely and conclusively allege, (1) Defendants conducted unauthorized and unwanted intrusions into the Plaintiffs' right to seclusion; (2) said intrusions would be highly offensive to a reasonable person and (3) resulting mental anguish, suffering, paranoia and emotional distress. (Amended Complaint ¶¶ 41-43).

13. Plaintiffs utterly fail to allege the third element, namely, that the matter upon which the alleged intrusion occurred was private.

14. Under Illinois law, "[t]he third element of the tort appears to be the predicate for the other three." *Schiller v. Mitchell*, 357 Ill. App. 3d 435, 440 (2005), citing *Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 72 (2004). "Private facts must be alleged. Without private facts, the other three elements of the tort need not be reached." *Id.* "Because the analysis begins with the predicate, private facts, it also ends if there are no private facts involved." *Busse*, 351 Ill. App. 3d at 72.

15. In Count II, Plaintiffs incorporated by reference the factual allegations of their Amended Complaint, including the following purported "intrusions":

(1) attaching a GPS tracking device to Plaintiff Theresa Troeckler's vehicle (Amended Complaint ¶¶ 16, 20);

(2) an internet provider ("IP") address registered to Zeiser showed evidence of log-ins to Plaintiff Theresa Troeckler's personal email account (Amended Complaint ¶ 30);

(3) Plaintiff Candice Zeiser's personal email account, personal computer and personal cell phone were *likely* accessed by Defendants Zeiser and Mark Stueck (Amended Complaint ¶ 32).

16. Count II fails to state a claim upon which relief can be granted for the following reasons:

a. In Count II, Plaintiffs unquestionably did not allege that the matters upon which the alleged intrusions occurred were private.

b. As a matter of law, Plaintiffs cannot allege intrusion into private matters with respect to the tracking of Plaintiff Theresa Troeckler's vehicle because a vehicle travels only through public spaces and can be readily observed by other drivers, pedestrians and members of the public. See, *Schiller* 357 Ill. App. 3d at 440-41 (plaintiff failed to state a cause of action for intrusion upon seclusion, where homeowners whose neighbors aimed a video camera at their garage, driveway, side door, and back yard did not allege that neighbors intruded into private matters, because the areas filmed were visible from street or other public spaces).

c. Plaintiffs only alleged that Defendant Zeiser *likely* accessed Plaintiff Candice Zeiser's personal email account, personal computer and personal cell phone, and that *an IP address registered to Zeiser showed evidence* of log-ins to Plaintiff Theresa Troeckler's personal email account. Plaintiffs must affirmatively allege conduct sufficient to give rise to a cause of action. Likely conduct, or conduct which may be attributed to Defendants, is not sufficient to state a claim. *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008).

## COUNT IV

17. In Count IV, Plaintiffs purport to state a claim for civil conspiracy.

18. "Under Illinois law, civil conspiracy is not an independent tort. Instead, there must be an independent cause of action underlying a plaintiff's conspiracy claim." *Siegel v. Shell Oil Co.*, 656 F. Supp. 2d 825, 836 (N.D. Ill. 2009) (internal citations omitted).

19. Because Plaintiffs fail to state an independent cause of action for invasion of privacy or intrusion upon seclusion, underlying their conspiracy allegations, the claim for

5

conspiracy also fails and must be dismissed. *Sassak v. City of Park Ridge*, 431 F. Supp. 2d 810, 822 (N.D. Ill. 2006).

20.     Defendant Zeiser files herewith his Memorandum of Law in Support of the instant Motion and incorporates it herein by reference.

WHEREFORE Defendant Zeiser prays that this Court grant this Motion and dismiss, with prejudice, Counts I, II and IV of Plaintiffs Amended Complaint for failure to state a claim upon which relief may be granted as is required under the Federal Rules of Civil Procedure and for any further and additional relief that this Court deems just and appropriate.

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: /s/ Amy L. Fehr
    Arthur S. Margulis, MO 16906
    William S. Margulis, MO 37625, IL 6205728
    Amy L. Fehr, MBE 60033
    7701 Forsyth Blvd., 12th Floor
    St. Louis, Missouri  63105-1818
    (314) 721-7701
    (314) 505-5434 (fax)
    amargulis@capessokol.com
    wmargulis@capessokol.com
    fehr@capessokol.com

*Attorneys for Defendant Donald Zeiser*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of The Court on the 12th day of March, 2014 to be served by operation of the Court's electronic filing system upon all counsel of record herein.

/s/ Amy L. Fehr