IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THERESA TROECKLER and <br> CANDICE ZEISER, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD ZEISER, MARK STUECK, <br> KYVON SERVICES, LLC, <br> HTTP MANAGEMENT GROUP, INC., <br> d/b/a KYVON, PROCOM VOICE AND <br> DATA SOLUTIONS, INC., a/k/a U.S. <br> TECHNOLOGIES SYSTEMS, INC., <br> a/k/a OXY-THERM, INC., d/b/a <br> KYVON, WILLIAM REYNOLDS, <br> BRIGHTON LEWIS, STEVE <br> JACOBSEN, TRACKING THE <br> WORLD, INC., KYVON, LAWRENCE <br> HOPP, MARGARET CHRISTINE HOPP, <br><br> Defendants. | Case No.: 14-40-MJR-PMF |

## DEFENDANT ZEISER'S MOTION TO DISMISS
## PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW Defendant, Donald Zeiser ("Zeiser") by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), for his Motion to Dismiss Plaintiffs' Second Amended Complaint, states to the Court as follows:

1.      On or about February 19, 2014, Plaintiffs filed their Amended Complaint [Doc. #40] ("Amended Complaint"), which purported to assert causes of action against Zeiser for Invasion of Privacy (Count I); Intrusion Upon Seclusion (Count II) and Civil Conspiracy (Count IV).

2.      Thereafter, on June 19, 2014, Plaintiffs filed their Second Amended Complaint [Doc. # 97] ("Second Amended Complaint"), which contains the same essential

allegations against Defendant Zeiser but combines counts I and II from the Amended Complaint to a new Count I for "Invasion of Privacy-Intrusion Upon Seclusion" and asserts a new Count IV for "Punitive Damages."

3. As a matter of law, each of Plaintiffs' purported causes of action against Defendant Zeiser fail to state a claim upon which relief may be granted and, therefore, must be dismissed with prejudice.

4. When ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court looks to the complaint to determine whether it satisfies the threshold pleading requirements under Federal Rule of Civil Procedure 8. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

5. The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citation omitted).

6. Under the federal notice pleading standards, Plaintiffs' "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

7. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 934–35 (7th Cir. 2012) (citing *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted)). "The complaint 'must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Id.* at 935 (citing *Windy*

*City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663,668 (7th Cir. 2008)).

### COUNT I – Invasion of Privacy – Intrusion Upon Seclusion

8. To state a claim for Intrusion Upon Seclusion of Another, a party must allege: (1) unauthorized intrusion or prying into the plaintiff's seclusion; (2) the intrusion must be offensive or objectionable to a reasonable person; (3) the matter upon which the intrusion occurs must be private; and (4) the intrusion must cause anguish and suffering. *Melvin v. Burling*, 490 N.E.2d 1011, 1013-14 (3d Dist. 1986).

9. In Count II, Plaintiffs incorporated by reference the factual allegations of their Second Amended Complaint, including the following purported "intrusions":

(1) attaching a GPS tracking device to Plaintiff Theresa Troeckler's vehicle (Second Amended Complaint ¶¶ 16, 20);

(2) an internet provider ("IP") address registered to Zeiser showed evidence of log-ins to Plaintiff Theresa Troeckler's personal email account (Second Amended Complaint ¶ 30);

(3) Plaintiff Candice Zeiser's personal email account, personal computer and personal cell phone were *likely* accessed by Defendants Zeiser and Mark Stueck (Second Amended Complaint ¶ 32).

10. Count II fails to state a claim upon which relief can be granted for the following reasons:

    a. As a matter of law, Plaintiffs cannot allege intrusion into private matters with respect to the tracking of Plaintiff Theresa Troeckler's vehicle because a vehicle travels only through public spaces and can be readily observed by other drivers, pedestrians and members of the public. See, *Schiller v. Mitchell*, 357 Ill. App. 3d 435, 440-41 (2005) (plaintiff failed to state a cause of action for intrusion upon seclusion, where

homeowners whose neighbors aimed a video camera at their garage, driveway, side door, and back yard did not allege that neighbors intruded into private matters, because the areas filmed were visible from street or other public spaces). Under Illinois law, "[t]he third element of the tort appears to be the predicate for the other three." *Id.* at 440 citing *Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 72 (2004). "Private facts must be alleged. Without private facts, the other three elements of the tort need not be reached." *Id.* "Because the analysis begins with the predicate, private facts, it also ends if there are no private facts involved." *Busse*, 351 Ill. App. 3d at 72.

        b.      Plaintiffs only alleged that Defendant Zeiser *likely* accessed Plaintiff Candice Zeiser's personal email account, personal computer and personal cell phone, and that *an IP address registered to Zeiser showed evidence* of log-ins to Plaintiff Theresa Troeckler's personal email account. Plaintiffs must affirmatively allege conduct sufficient to give rise to a cause of action. *Likely* conduct, or conduct which may be attributed to Defendants, is not sufficient to state a claim. *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008).

## COUNT III – Civil Conspiracy

11.    In Count III, Plaintiffs purport to state a claim for civil conspiracy.

12.    "Under Illinois law, civil conspiracy is not an independent tort. Instead, there must be an independent cause of action underlying a plaintiff's conspiracy claim." *Siegel v. Shell Oil Co.*, 656 F. Supp. 2d 825, 836 (N.D. Ill. 2009) (internal citations omitted).

13.    Because Plaintiffs fail to state an independent cause of action for intrusion upon seclusion, underlying their conspiracy allegations, the claim for conspiracy also fails and must be dismissed. *Sassak v. City of Park Ridge*, 431 F. Supp. 2d 810, 822 (N.D. Ill. 2006).

## COUNT IV – Punitive Damages

14. The Second Amended Complaint also adds Count IV for punitive damages, alleging that "in conducting the unauthorized, unwanted and inappropriate intrusions…Defendant Zeiser…acted with actual malice, and furthermore acted willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs justifying imposition of an award of exemplary and punitive damages herein." (Second Amended Complaint ¶ 50).

15. Of course, a prayer for punitive damages is not, itself, a cause of action. Punitive damages are merely a type of remedy. *Vincent v. Alden-Park Strathmoor, Inc.*, 948 N.E.2d 610, 615 (2011), citing *Dardeen v. Heartland Manor, Inc.,* 710 N.E.2d 827, 831 (1999).

16. Moreover, it is impossible to glean, from the face of the Second Amended Complaint to which cause of action Plaintiffs' prayer for punitive damages is related.

17. Because punitive damages are a type of remedy, not a cause of action, Count IV must be dismissed.

18. Defendant Zeiser files herewith his Memorandum of Law in Support of the instant Motion and incorporates it herein by reference.

WHEREFORE Defendant Zeiser prays that this Court grant this Motion and dismiss, with prejudice, Counts I, III and IV of Plaintiffs Second Amended Complaint for failure to state a claim upon which relief may be granted as is required under the Federal Rules of Civil Procedure and for any further and additional relief that this Court deems just and appropriate.

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: /s/ Amy L. Fehr
    Arthur S. Margulis, MO 16906
    William S. Margulis, MO 37625, IL 6205728
    Amy L. Fehr, MBE 60033
    7701 Forsyth Blvd., 12th Floor
    St. Louis, Missouri 63105-1818
    (314) 721-7701
    (314) 505-5434 (fax)
    amargulis@capessokol.com
    wmargulis@capessokol.com
    fehr@capessokol.com

*Attorneys for Defendant Donald Zeiser*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of The Court on the 10th day of July, 2014 to be served by operation of the Court's electronic filing system upon all counsel of record herein.

    /s/ Amy L. Fehr