IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THERESA TROECKLER and CANDICE ZEISER,

    Plaintiffs,

vs.

DONALD ZEISER, MARK STUECK, KYVON SERVICES, LLC, HTTP MANAGEMENT GROUP, INC., PROCOMM VOICE AND DATA SOLUTIONS, INC., WILLIAM REYNOLDS, BRIGHTON LEWIS, INC., STEVE JACOBSEN, TRACKING THE WORLD, INC., KYVON, LAWRENCE HOPP and MARGARET CHRISTINE HOPP,

    Defendants.

Case No. 14-cv-40-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants Donald Zeiser's ("Defendant Zeiser"), Steven Jacobsen's, Kyvon Services, LLC's, Mark Stueck's, William Reynolds', and Brighton Lewis, Inc.'s (collectively "Defendants") Motions to Dismiss (Docs. 100, 102, 104, 106 & 107). Plaintiffs Theresa Troeckler and Candice Zeiser ("Plaintiff Zeiser") (collectively "Plaintiffs") filed their responses (Docs. 100, 113, 115, & 117). For the following reasons, the Court **GRANTS in part** and **DENIES in part** the motions.

**Background**

Troeckler is the mother of Plaintiff Zeiser. Plaintiff Zeiser was previously married to Defendant Zeiser. On April 12, 2012, Troeckler located a black box attached underneath her vehicle after receiving a call from an anonymous individual informing her she was being tracked. The Madison County Sheriff's Department took the black box into evidence and ultimately

identified it as a World Tracker Enduro Pro tracking device owned by Tracking the World, Inc. The Sheriff's Department further concluded that the tracking device had been removed and reattached multiple times by Jacobsen and Reynolds[1] at Defendant Zeiser's request. Ultimately, the Sheriff's Department learned from Tracking the World, Inc. that the device was registered to Stueck who had worked for Kyvon from approximately 2001 through November 2011. For several years, Stueck worked exclusively for Kyvon's client, Defendant Zeiser.

On September 28, 2012, the Sheriff's Department also found that an internet provider address registered to Defendant Zeiser indicated repeated unauthorized log-in attempts to Troeckler's personal email account which continued until 2013 and during the pendency of the Sheriff's investigation. On November 7, 2012, the Sheriff's Department determined that Defendants Zeiser and Stueck had accessed Plaintiff Zeiser's email account, computer, and cell phone without her consent or knowledge.

Plaintiffs' Second Amended Complaint alleges as follows: (1) Count I – Invasion of Privacy – Intrusion Upon Seclusion against all defendants; (2) Count II – Negligence against HTTP Management Group, Inc., Procomm Voice and Data Solutions, Inc., Kyvon, Lawrence Hopp, and Margaret Christine Hopp; (3) Count III – Civil Conspiracy against all defendants; and (4) Count IV – Punitive Damages against Defendant Zeiser, Stueck, Reynolds and Jacobsen. HTTP Management Group, Inc., Procomm Voice and Data Solutions, Inc., Kyvon, Lawrence Hopp, and Margaret Christine Hopp were dismissed from this case, leaving only Counts I, III and IV pending.

Defendants Zeiser, Jacobsen, Kyvon, Stueck, Reynolds, and Brighton Lewis, Inc. filed identical motions to dismiss Plaintiffs' Second Amended Complaint asserting that Plaintiffs fail to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, with respect

---

[1] Reynolds is an employee of Brighton Lewis, Inc.

to Count I, Defendants argue that tracking Troeckler's vehicle did not constitute a private matter or private fact. Further, they maintain that Plaintiffs did not affirmatively allege sufficient conduct when they stated Defendants *likely* accessed Plaintiff Zeiser's personal accounts or that an IP address registered to Defendant Zeiser showed *evidence* of logins to Troeckler's email. With respect to the civil conspiracy allegations in Count III, Defendants contend this count necessarily fails because Plaintiffs failed to state the independent cause of action for intrusion upon seclusion underlying their conspiracy allegations. Finally, Defendants maintain that Count IV must be dismissed because punitive damages are a type of remedy, not a separate cause of action.

**Count I – Invasion of Privacy by Intrusion upon Seclusion**

Illinois follows the Restatement (Second) of Torts which defines invasion of privacy by intrusion upon seclusion as follows:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*Busse v. Motorola, Inc.*, 813 N.E.2d 1013, 1017 (Ill. App. Ct. 2004) (citing Restatement (Second) of Torts § 652B, at 278 (1977)). To state a cause of action for the tort of invasion of privacy by intrusion upon seclusion, a plaintiff must allege the following four elements: "(1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is offensive or objectionable to a reasonable person; (3) the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering." *Johnson v. K-mart Corp.*, 723 N.E.2d 1192, 1196 (Ill. App. Ct. 2000).

Defendants first argue that Plaintiffs fail to allege the third element in that the tracking of a vehicle is not a private matter or fact because a vehicle can be readily observed by others. The

third element of the tort of invasion of privacy by intrusion upon seclusion "is a predicate for the other three. Without private facts, the other three elements of the tort need not be reached." *Busse*, 813 N.E.2d at 1017. An Illinois court has found that the privacy element has been satisfied where a defendant poked holes in the ceiling of a women's restroom to view the women changing clothes and using the restroom. *Benitez v. KFC Nat'l Mgmt. Co.*, 714 N.E.2d 1002 (Ill. App. Ct. 1999). Patients also satisfied the privacy element where a video camera in a nurse manager's office captured video of nurses performing medical examinations on the patients. *Acuff v. IBP, Inc.*, 77 F. Supp. 2d 914, 924 (C.D. Ill. 1999). Illinois courts, however, have held that facts found in public records, such as names, addresses, dates of birth, and marriage are not private facts and thus do not satisfy the privacy element. *Johnson*, 723 N.E.2d at 1196-97. The privacy element was also not satisfied where neighbors aimed a surveillance camera at the plaintiffs' garage, driveway, side-door area, and backyard because those areas could be viewed by a passerby on the street. *Schiller v. Mitchell*, 828 N.E.2d 323, 329 (Ill. App. Ct. 2005).

While Illinois courts have not specifically addressed the placement of a GPS tracking device in the context of this tort, other jurisdictions provide guidance. For instance, a New Jersey court, also following the Restatement (Second) of Torts, concluded that the privacy element was not satisfied where a wife, at the behest of her hired investigators, placed a GPS tracking device in her soon-to-be ex-husband's vehicle to investigate his "suspected infidelities." *Villanova v. Innovative Investigations, Inc.*, 21 A.3d 650, 652 (N.J. App. Ct. 2011). The court found it relevant that there was no evidence that the ex-husband drove the vehicle into a private or secluded location where he had a reasonable expectation of privacy. *Id.* at 656. The Court finds this opinion persuasive.

Here, unlike *Benitez* and *Acuff* which alleged surveillance in the private locations of a restroom and nurse's office, Plaintiffs do not allege that the GPS tracking device captured any

4

private activity. Rather, the facts in this case are analogous to *Villanova, Johnson*, and *Schiller* to the extent that Plaintiffs have failed to plead that the placement of the GPS led to the disclosure of private facts. Specifically, like *Villanova*, Plaintiffs failed to plead that the GPS vehicle conveyed information that the vehicle was driven into a private secluded location in which Plaintiffs would have a reasonable expectation of privacy. In other words, Plaintiffs have failed to plead how a passerby on the street or an individual in another vehicle could not capture the same information that the tracking device captured and thus have failed to plead the disclosure of a private fact.

Plaintiffs argue that *United States v. Jones*, 132 S. Ct. 945 (2012), supports their position. In *Jones*, the Supreme Court concluded that placement of a GPS tracking device on a vehicle and the use of the device constituted a search for purposes of the Fourth Amendment because "[t]he Government physically occupied private property for the purpose of obtaining information." *United States v. Jones*, 132 S. Ct. 945, 949 (2012). The requirements for a search under the Fourth Amendment, however, are different than the elements of the tort at issue. Illinois' tort of invasion of privacy by intrusion upon seclusion requires the disclosure of a private matter or private fact in addition to an unauthorized intrusion or prying into the plaintiff's seclusion. Thus, *Jones* is inapposite to the instant case. For the foregoing reasons, the Court concludes that Plaintiffs failed to plead facts that satisfy the privacy element with respect to the GPS tracking device.

Next, Defendants contend that Plaintiffs failed to state a claim for the tort of invasion of privacy by intrusion upon seclusion with respect to the remaining two intrusions because they did not affirmatively allege action taken on behalf of any defendant. Specifically, Plaintiffs alleged Defendants Zeiser and Stueck *likely* accessed Plaintiff Zeiser's e-mail, personal computer, and personal cell phone. Further, they state that an internet provider address

5

registered to Defendant Zeiser showed *evidence* of log-ins to Troeckler's e-mail. The Court does not find Defendants' argument persuasive. Plaintiffs allege that Defendants Zeiser and Stueck accessed Plaintiffs' personal accounts without authorization. These allegations are sufficient to raise Plaintiffs' right to relief beyond a speculative level and to satisfy the elements of the tort of invasion of privacy by intrusion upon seclusion.

### Count III – Civil Conspiracy

Next, Defendants argue that Plaintiffs' Civil Conspiracy claim fails because they failed to state the underlying tort of invasion of privacy by intrusion upon seclusion. Civil conspiracy is not a separate tort under Illinois law. *Thomas v. Fuerst*, 803 N.E.2d 619, 625 (Ill. App. Ct. 2004). Where a plaintiff fails to state a claim for an underlying tort supporting the conspiracy allegation, the conspiracy claim necessarily fails. *Id*. at 626. Here, the conspiracy claim fails only to the extent that the tort of invasion of privacy by intrusion upon seclusion claims were based upon the GPS tracking device placement. The Court, however, found that Plaintiffs have stated claims with respect to the other two alleged intrusions. As such, the Court dismisses the conspiracy claim only to the extent it cannot be based on the allegations arising from placement of the GPS tracking device. The conspiracy claim is still valid with respect to the remaining two alleged intrusions.

### Count IV – Punitive Damages

Next, Defendants maintain that Count IV for punitive damages must be dismissed because a request for punitive damages is not a cause of action and it is impossible to determine to which cause of action Plaintiffs' prayer for punitive damages is related. As Defendants correctly assert, punitive damages allegations do not constitute a separate cause of action. However, Defendants cite to no authority that forbids a plaintiff from requesting punitive damages in a separate count. Rather, the Rules require "[n]o technical form," and direct the

Court to construe pleadings "so as to do justice." Fed. R. Civ. P. 8(d)(1), 8(e). Further, it is not impossible to determine to which cause of action Plaintiffs' prayer for punitive damages is related. Plaintiffs "incorporate by reference and reallege paragraphs 1-48" of the Second Amended Complaint in Count IV – Punitive Damages against Defendants Zeiser, Stueck, Reynolds and Jacobsen. Accordingly, Plaintiffs seek punitive damages for the two remaining causes of action alleged in both Counts I and III against Defendants Zeiser, Stueck, Reynolds, and Jacobsen.

## Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendants' Motions to Dismiss (Docs. 100, 102, 104, 106 & 107). Specifically, the Court grants the motions to the extent it dismisses Plaintiffs' invasion of privacy by intrusion upon seclusion and civil conspiracy claims with respect only to placement of the GPS tracking device. The Court denies the remainder of the motions.

**IT IS SO ORDERED.**

**DATED:** March 5, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
