IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THERESA TROECKLER and<br>CANDICE ZEISER,<br><br>    Plaintiffs,<br><br>vs.<br><br>DONALD ZEISER, MARK STUECK,<br>KYVON SERVICES, LLC,<br>HTTP MANAGEMENT GROUP, INC.,<br>d/b/a KYVON, PROCOM VOICE AND<br>DATA SOLUTIONS, INC., a/k/a U.S.<br>TECHNOLOGIES SYSTEMS, INC.,<br>a/k/a OKY-THERM, INC., d/b/a KYVON,<br>WILLIAM REYNOLDS,<br>BRIGHTON LEWIS, INC.,<br>STEVE JACOBSEN, TRACKING THE WORLD,<br>INC., KYVON, LAWRENCE HOPP, and<br>MARGARET CHRISTINE HOPP,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 14-40-MJR-PMF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AND FOR ATTORNEY FEES & COSTS PURSUANT TO 735 ILCS 5/2-2301**

COME NOW Plaintiffs and for their Memorandum in Support of Motion to Enforce Settlement and for Attorney Fees & Costs Pursuant to 735 ILCS 5/2-2301, hereby state to the Court as follows:

**Enforcement of Settlement**

"[A] settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court." *Wilson v. Wilson*, 46 F.3d 660, 667 (7th Cir. 1995); *Herron v. City of Chicago*, 618 F. Supp. 1405, 1409 (N.D. Ill. 1985) ("A settlement agreement is a contract, which cannot be unilaterally repudiated by any of the parties.") (internal citation omitted). "In the absence of a showing of fraud, duress, or other circumstances suggesting

that the settlement was not knowing or voluntary, the district court need not examine the circumstances surrounding the settlement." *Newkirk*, 536 F.3d at 774.

Here, there is no dispute that Defendants knowingly and voluntarily entered into an agreement to resolve this case. Defendants prepared and drafted the Release. The Release was then signed by Plaintiffs without any alterations. Defendants cannot now unilaterally repudiate the very agreement they prepared and drafted.

When a "meeting of the minds" question arises, Illinois follows the objective theory of intent. *Id*. "Secret hopes and wishes count for nothing. The status of a document as a contract depends on what the parties express to each other and to the world, not on what they keep to themselves." *Id.* Whether there is a "meeting of the minds" is a determination based on an objective appraisal of the parties' conduct, not their subjective beliefs. *Pampered Chef, Ltd. v. Alexanian*, 10-CV-1399, 2011 WL 6046896, *14 (N.D. Ill. Dec. 5, 2011). As Judge Posner has colorfully stated, a contracting party cannot expect that the other party will "peek into" the other's "mind and discover" that it had a different view of the terms than stated in the contract. *ConFold Pacific, Inc. v. Polaris Ind.,* 433 F.3d 952, 955 (7th Cir. 2006) (Posner, J.). Judge Easterbrook has also stated that in interpreting contracts, we do not "take a tour through [a party's] cranium, with [the party] as the guide." *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 814 (7th Cir. 1987) (Easterbrook, J.) "The uncommunicated mental reservation on the part of one party is ineffectual and is not a valid reason for avoiding an otherwise binding agreement." *Pampered Chef*, 2011 WL 6046896, *14 (citing *Steinberg v. Chicago Medical School*, 69 Ill.2d 320, 330-331 (1977)).

Here, Defendants memorialized in the Release their understanding of the terms of the settlement agreement. Plaintiffs signed the Release as written. From an objective perspective, this constitutes a meeting of the minds. The fact that Defendant Zeiser may have subjectively

interpreted the effects of the release language differently than Plaintiffs amounts to no more than an "uncommunicated mental reservation on the part of one party." *Skycom* at 814. Moreover, it is clear that the parties ultimately *have* achieved a meeting of the minds as to the effect of the Release. *See* Ex.5, Email of 4/14/15 from Plaintiffs' counsel to Amy Fehr. Counsel's request for more time "to meet with [Donald Zeiser]" does not constitute cause not to immediately enforce settlement.

The Release language regarding the amounts that were to be paid for the settlement is clear and unambiguous. Accordingly, it should be enforced as written. *See Krilich v. Am. Nat'l Bank & Trust Co. of Chi.*, 334 Ill.App.3d 563, 576 (2002) ("[W]e must not interpret contractual language in a way contrary to the plain, obvious, and generally accepted meaning of its terms."). Where an agreement is clear and explicit, the contract must be enforced as stated. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 714 (7th Cir. 2009).

In *Robbins v. Lynch*, 836 F.2d 330 (7th Cir. 1988), the Seventh Circuit stated:

> A signatory to a contract is bound by its ordinary meaning even if he gave it an idiosyncratic one; private intent counts only if it is conveyed to the other party and shared. You can't escape contractual obligation by signing with your fingers crossed behind your back, even if that clearly shows your intent not to be bound. * * * So it is here. Lynch may have had a private intent, but the signs visible to the union all pointed to Lynch's acceptance of the collective bargaining agreement. Lynch is bound by its terms.

836 F.2d at 332; *see also Todd v. Kohl's Dept. Stores, Inc.*, 443 F. App'x 215, 217 (7th Cir. 2011) (finding admission of binding settlement defeated opposition to motion to enforce despite arguments that the agreement was not intended). The terms of the Release should thus be enforced as written.

**735 ILCS 5/2-2301**

Pursuant to 735 ILCS 5/2-2301(d), "a settling Defendant shall pay all sums due to the Plaintiff within 30 days of tender by the Plaintiff of the executed release." *Id.* Under subsection (e), if after a hearing the Court determines that timely payment has not been made in accordance with subsection (d), above, "judgment shall be entered against that Defendant for the amount set forth in the executed release, plus costs incurred in obtaining the judgment and interest at the rate specified under Section 2-1303 of this Code, calculated from the date of the tender by the Plaintiff under subsection (d) of this Section." *735 ILCS 5/2-2301(e).*

Here, the Release was tendered to Defendants on 3/25/15 and was acknowledged in writing to have been received the same day (*see* Ex. 3 & 4), Defendants have failed to pay all sums due to the Plaintiffs, and more than thirty (30) days have elapsed since the Release was tendered within the meaning of 735 ILCS 5/2-2301(d).

WHEREFORE, Plaintiffs pray this Honorable Court grant their Motion to Enforce Settlement, and enter Judgment for the amount set forth in the Release, for attorney fees expended in the preparation of this motion, and for such other and further relief as this Court deems just and proper in the premises.

                Respectfully Submitted:
                **Brown & Crouppen, P.C.**

                /s/ Shaun Falvey
                Shaun M. Falvey #6284797
                Attorneys for Plaintiffs
                (314) 421-0216
                (314) 561-6317 (Direct)
                (314) 421-0359 (Fax)
                ShaunF@getbc.com

**CERTIFICATE OF SERVICE**

This is to certify that on the 5TH day of May, 2015 I caused to be by electronic filing to the United States District Court, Southern District of Illinois, and further served one (1) copy of the same in the United States mail, first class postage prepaid, addressed to the following:

Scott McKinnis
Hockensmith McKinnis Hamill, P.C.
12801 Flushing Meadows Drive
Suite 101
St. Louis, MO 63131-1829
mckinnis@hmhpc.com

Amy Fehr
Capes, Sokol, Goodman & Sarachan, P.C.
7701 Forsyth Boulevard
12th Floor
St. Louis, MO 63105
fehr@capessokol.com

Kevin Schnurbusch
Rynearson, Suess, Schnurbush & Champion, LLC
500 North Broadway
Suite 1550
St. Louis, MO 63102
kschnurbusch@rssclaw.com

Stephen Welby
The Welby Law Firm, LLC
1221 Locust Street
4th Floor
St. Louis, MO 63102
welbylawfirm@yahoo.com

Phillip Morse
Phillip I. Morse, LLC
5381 Highway N.
Suite 102
Cottleville, MO 63304
phillipmorselaw@sbcglobal.net

Gregory Smith
Margulis, Grant, P.C.
7733 Forsyth Blvd.
Suite 1850
St. Louis, MO 63105

              /s/ Shaun Falvey